Antonio Vázquez Bruno et al., Appellants, *v.* Registrar of Property of San Juan, Respondent.

No. 748.   Submitted February 20, 1929.—Decided April 9, 1929.

*Heriberto Torres Solá* for the appellants.

Mr. Chief Justice Del Toro delivered the opinion of the court.

On April 10, 1928, José Alsina, José Martínez Llonín and José Monzón appeared before a notary and executed deed No. 16 by virtue of which Alsina sold to Martínez Llonín a certain property of eighty acres situated in the ward of Cupey of the district of Río Piedras.   It was stated in the deed that the property was subject to a mortgage for $3,500 in favor of the Federal Land Bank of Baltimore, Porto Rico Branch, to an attachment in favor of Pedro Orcasitas for $550, to an attachment in favor of Juan Suárez for $253.50, to a lease on eighteen acres in favor of Agustín Dávila, and to a cautionary notice of an action brought by Pedro Orca-

sitas against José Monzón and José Alsina to annul the sale of the said property by Monzón to Alsina. José Monzón executed the following which was accepted by the parties:

"*Fourth.*—José Monzón declares that, being advised of the action to annul the sale made by him to José Alsina, as referred to in the second clause of this deed, and of the judgment of the District Court of San Juan sustaining the complaint, he desires, by means of this deed, to confirm the sale that he made to José Alsina, to ratify this sale made by Alsina to Martínez Llonín, and moreover, to sell from this moment to Martínez Llonín the said property described in this deed, renouncing all of his rights and interests therein, present and future, in favor of Martínez Llonín, such as may result from any pending action, all for the price of six thousand dollars."

The deed was presented in the registry and recorded on May 22, 1928, as regards the sale made by Alsina to Martínez Llonín.

By another public deed of April 11, 1928, Martínez Llonín sold the property to Antonio Vázquez Bruno and this new conveyance was recorded in the registry.

At this stage the judgment annulling the sale by Monzón to Alsina became final by dismissal of the appeal therefrom. The corresponding mandate was issued and the registrar canceled not only the record in favor of Alsina, but also the records in favor of Martínez Llonín and Vázquez Bruno.

Martínez Llonín and Vázquez Bruno then presented again in the registry the deeds of April 10 and 11, 1928, and requested the registrar "that, by either rectifying the entry of cancellation made of the eleventh record of said property, or by making a new record by virtue of the accompanying deeds and making the statutory previous records, it be recorded by that registry, or that the eleventh record of property No. 951 in favor of Vázquez Bruno be left in force. . . ."

The registrar denied the petition by a series of reasons noted on the two deeds. The interested parties were not satisfied with that decision and appealed to this court, praying that new records be ordered in their favor, subject to the attachments and cautionary notices existing in the registry.

The notes of the registrar are too lengthy to be transcribed. He cites many decisions of the General Directorate of Registries and insists repeatedly that the same document can not be inspected and recorded more than once, except in the well known cases stated.

We entirely agree that the records in favor of Alsina, Martínez Llonín and Vázquez Bruno were properly canceled and therefore can not be revived. If Alsina acquired nothing from Monzón he could convey nothing to Martínez Llonín nor Martínez to Vázquez. The appellants do not insist on this aspect of the problem.

The question for consideration and decision is whether the new records may be made by virtue of the same documents.

All depends on the construction given to the contract made by José Monzón in the deed of April 16, 1928.

There is no doubt that the pendency of the action for annulment did not impede the sale of the property. It was sold and bought subject to the results of the suit. That is all.

The annulment of the sale by Monzón to Alsina was sought and obtained on the basis that it was made in fraud of creditors. The credit of the plaintiff is noted in the registry. The plaintiff did not acknowledge Alsina, but Monzón, as the owner and the court supported him. If that is so, the rights acquired by Martínez Llonín and Vázquez Bruno from Alsina were those which fell for want of support by virtue of the judgment of annulment, but not those which could have been acquired from Monzón.

Eliminating from the 4th clause transcribed the reference to the ratification of the sale to Alsina, there remains the direct sale by Monzón to Martínez Llonín. Why not give effect to that part of the contract?

The contract was examined and recorded solely as regards the sale by Alsina to Martínez Llonín. It is now presented

for record as regards the sale by Monzón to Martínez Llonín. The other deed stands or falls with the first.

As the judgment of nullity is acquiesced in, as the rights of the creditor or creditors are perfectly secured and as the tendency should be to give life to contracts, we believe that the decision should be reversed and the registrar ordered to classify the documents in the sense indicated and record them, if no fundamental defect be detected.